|  |  |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| JAHMAL OMNIKO DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>T. BAINES, *et al.*,<br><br>Defendants. | 1:24-cv-00207-KES-EPG (PC)<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO RESPOND TO COURT'S SCREENING ORDER, AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GUARDIAN AD LITEM<br><br>(ECF No. 16) |

Plaintiff Jahmal Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the reasons stated below, the Court grants Plaintiff's motion for extension of time to respond to Court's screening order and denies Plaintiff's request for appointment of counsel and guardian ad litem. (ECF No. 16).

**I.    BACKGROUND.**

Plaintiff filed the complaint commencing this action on February 15, 2024. (ECF No. 1). Plaintiff alleges excessive use of force by correctional officers at Corcoran State Prison.

The Court screened Plaintiff's complaint on April 11, 2024, and found that it does not state any cognizable claims. (ECF No. 15). The Court granted Plaintiff leave to file an amended complaint within 30 days, until May 13, 2024. (*Id.* at 1).

On May 13, 2024, Plaintiff filed a motion asking that the Court grant him additional time to respond to Court's orders, as well as appoint him an attorney and guardian ad litem

1

because Plaintiff has a learning disability as well as mental health issues. (ECF No. 16). Plaintiff encloses excerpts from medical records detailing those issues. (*Id.* at 3–16). Plaintiff also states that he was recently transferred to a new facility and no longer has access to legal help he had the last facility. (*Id.* at 1). Moreover, the transfer resulted in Plaintiff being unable to access his property, including "legal work," until a few days ago. (*Id.*) Finally, Plaintiff asks that the Court re-send its last and most recent order and grant additional time so that Plaintiff may respond to it. (*Id.* at 1–2).

## II.     MOTION FOR EXTENSION OF TIME

The Court will give grant Plaintiff's request (ECF No. 16) for extension of time to respond to the Court's Screening Order (ECF No. 15) and will direct the Clerk's office to send Plaintiff a copy of that order.

Plaintiff may have 30 days, until **June 17, 2024,** to either file an amended complaint, which the Court will screen in due course; or, file a statement with the Court that he wants to stand on this complaint and have it reviewed by the district judge, in which case the Court will issue findings and recommendations to the district judge consistent with the Court's Screening Order (ECF No. 15).

## III.    REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

It is too early in this case to determine whether Plaintiff's likelihood of success on the merits is such that the interests of justice require the appointment of counsel. The Court has just screened Plaintiff's complaint (ECF No. 15) and is awaiting Plaintiff's decision on how he will proceed. After the review of Plaintiff's complaint, however, it appears that the legal issues involved are not extremely complex and that Plaintiff is able to articulate the facts underlying his claims. Accordingly, the Court will deny Plaintiff's request for counsel without prejudice.

### IV.   MOTION FOR APPOINTMENT OF GUARDIAN AD LITEM OR OTHER APPROPRIATE RELIEF

Federal Rule of Civil Procedure 17(c)(2) provides that:

> A minor[1] or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem-—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

The purpose of Federal Rule of Civil Procedure 17(c) is to protect an incompetent person's interest in prosecuting or defending a lawsuit. *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (citation omitted). In general, "when a substantial question exists regarding the mental competence of a party proceeding *pro se*, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian ad litem can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005).

"In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015) (quoting *Golden State Way, LLC v. Stewart*, No. 09–04458, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012)). Under California law, evidence of incompetence may be drawn from various

---

[1] Plaintiff is not a minor. *See, e.g.*, ECF No. 16 at 5 (listing age as 45 years old).

1  sources, but the evidence relied upon must speak . . . to the court's concern . . . whether the
2  person in question is able to meaningfully take part in the proceedings." *AT&T Mobility, LLC*,
3  143 F. Supp. 3d at 1050 (internal quotation marks omitted). Federal courts in the Ninth Circuit
4  have found that a broad range of evidence may inform the court's decision on competency
5  including: a report of mental disability by a government agency, the representations of counsel,
6  sworn declarations from persons who know him, diagnosis of mental illness, a review of
7  medical records, as well as the person's age, illnesses, and general mental state. *See id.*
8  (collecting cases).

9  When the court determines that a *pro se* litigant is incompetent, a guardian ad litem
10 should be appointed under Rule 17(c), but the appointment is not mandatory. *Davis*, 745 F.3d
11 at 1310. If a different order would protect the incompetent person's interests, then the court
12 may enter such order. *See id.* at 1311 (holding that district court erred by staying case rather
13 than appointing a guardian ad litem for incompetent prisoner even though no one was available
14 to undertake representation because the district court did not make additional inquiries). If a
15 party is found to be incompetent, there are a number of orders or procedures that can be issued
16 to protect the incompetent litigant's interests. *See Davis*, 745 F.3d at 1311. A district court has
17 broad discretion to fashion an appropriate safeguard. *Harris v. Magnum*, 863 F.3d 1133, 1138
18 (9th Cir. 2017).

19 Plaintiff requests that the Court appoint guardian ad litem because he has "a learning
20 disability as well as mental health issues." (ECF No. 16 at 1). However, showing a history of
21 serious mental illness is not enough by itself to constitute substantial evidence of incompetence
22 requiring a court to conduct a competency hearing on that issue. *See West v. Brown*, 197 Fed.
23 Appx. 625, 628 (9th Cir. 2006) ("A showing of a serious mental illness by itself therefore does
24 not establish eligibility for procedures that California makes available to persons who are
25 mentally incompetent. . .") (*citing People v. Blair*, 115 P.3d 1145, 1162 (2005) (noting that
26 "even a history of serious mental illness does not necessarily constitute substantial evidence of
27 incompetence that would require a court to declare a doubt concerning a defendant's
28 competence and to conduct a hearing on that issue")); *McDonald v. Haaws*, No. 08CV652 L

(PCL), 2009 WL 1685172, at *3 (S.D. Cal. June 15, 2009) (evidence of psychosis and accompanying treatment with antidepressant and antipsychotics that manifest only mild symptoms does not establish substantial evidence of incompetence); *Travalini v. People of California*, 2006 WL 842435, at *3 (E.D. Cal. March 28, 2006) (evidence of illiteracy and only "mild" or "moderate" psychiatric symptoms "warrants neither a competency hearing nor, as might thereafter result, the appointment of counsel or a guardian ad litem").

Legal incompetence is defined as a condition in which the defendant's mental faculties are impaired to the point where he is unable to understand and appreciate the charges against him and realize the consequences of his actions. *Travalini*, 2006 WL 842435, at *3. Nothing in the records Plaintiff submitted with his motion suggests that Plaintiff is unable to understand the nature or consequences of the proceedings or to participate in this litigation in a meaningful way. To the contrary, a note from treating psychologist dated January 1, 2023, states "The inmate was deemed able to understand and communicate in the disciplinary process. Records indicate very stable mental status at last contact without evidence of severe cognitive impairment that would limit his ability to understand the rules of the prison." (ECF No. 16 at 5). His medical records also show that in 2022, Plaintiff discontinued psychiatric medications and continued to function well: "IP states his appetite has returned to normal since stopping psych meds; he feels physically well. Sleeping well; appetite is good; energy is good; denies depression or SI; denies anxiety or panic; denies sx of psychosis or mania; reports he is functioning well; IP wants to continue off all psych meds. Denies any psychiatric complaints or sx at this time." (ECF No. 16 at 8). A progress note from February 2023 states that Plaintiff "will be retained at present level of care as it is the lowest level currently indicated based on his medication status, symptoms and functioning." (*Id.* at 3). Document titled "Mental Health Documentation" from an encounter on an unknown date states that Plaintiff reported "he is managing his symptoms effectively. IP states he doesn't need psych meds at this time. IP does not endorse any other distress and does not require a higher level of care. . . . IP does not appear to have difficulty functioning within the prison system at this time." (*Id.* at 15). After several

encounters, medical providers describe Plaintiff as "cooperative," "alert and orientated," with thought content "appropriate to the situation." (*Id.* at 3, 8, 15).

In sum, nothing in the records submitted by Plaintiff with his motion indicates that "a substantial question exists regarding the mental competence of a party proceeding *pro se*," *Allen*, 408 F.3d at 1153, such that a hearing would be required to determine Plaintiff's competence. Unlike the plaintiff in *Davis*, 745 F.3d at 1306–07, Plaintiff has not presented any evidence that he was found incompetent by any court, has been ordered to be restored to competency, has been under an involuntary medication order, or that any court has previously appointed guardian ad litem for him. Rather, like plaintiffs in *McDonald*, 2009 WL 1685172, and *Travalini*, 2006 WL 842435, Plaintiff has not presented evidence of incompetence substantial enough to require a Rule 17(c) inquiry. Therefore, the Court will deny Plaintiff's request for appointment of guardian ad litem.

Accordingly**, IT IS ORDERED**:

1. Along with this Order, the Clerk of Court is directed to send Plaintiff a copy of the Screening Order issued on April 11, 2024 (ECF No. 15).
2. Plaintiff's Motion (ECF No. 16) requesting additional time to respond to Court's orders is **GRANTED.** Plaintiff is granted additional 30 days, until **June 17, 2024**, to respond to the Court's Screening Order (ECF No. 15).
3. Plaintiff's Motion (ECF No. 16) requesting appointment of counsel and guardian ad litem is **DENIED**.
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **May 16, 2024**            /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE