UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAHMAL OMNIKO DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>T. BAINES, *et al.*,<br><br>        Defendants. | Case No. 1:24-cv-00207-KES-EPG (PC)<br><br>ORDER DENYING MOTION FOR CONTINUANCE<br><br>(ECF NO. 19) |

      Plaintiff Jahmal Davis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion for Continuance (ECF No. 19), which asks for the Court to continue the case until he is released on April 17, 2025. For the reasons set forth below, the Court will deny Plaintiff's motion.

      **I.    BACKGROUND**

      Plaintiff filed the Complaint commencing this action on February 15, 2024. (ECF No. 1). Plaintiff alleged excessive use of force by correctional officers at Corcoran State Prison. (*See generally* ECF No. 1). The Court screened the complaint and on April 11, 2024, and found that Plaintiff failed to state any cognizable claims. (ECF No. 15). The Court gave Plaintiff 30 days to either file an amended complaint or file a statement with the Court that he wants to stand on his original complaint. (*Id.* at 6–7). The Court warned that "Failure to comply with this order may result in the dismissal of this action." (*Id.* at 7; *see also* ECF No. 3 at 1 (warning

1

Plaintiff that failure to follow the Court's orders and all applicable rules "will be grounds for imposition of sanctions which may include dismissal of the case.")).

Subsequently, the Court granted Plaintiff's motion for extension of time to respond to the Court's screening order. (ECF No. 17). The Court granted Plaintiff "additional 30 days, until **June 17, 2024**, to respond to the Court's Screening Order (ECF No. 15)." (*Id.* at 6).

Plaintiff failed to file an amended complaint or a statement with the Court that he wishes to proceed on his original complaint, or otherwise communicate with the Court by the extended deadline.

Accordingly, on August 2, 2024, the Court issued Findings and Recommendations to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders. (ECF No. 18).

On August 5, 2024, Plaintiff filed a Motion for Continuance. (ECF No. 19). In the motion, Plaintiff states that he broke his right hand, which is his writing hand, and asks for a continuance until he is released, April 25, 2025.

**II.      LEGAL STANDARD**

"When an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1). Good cause requires less than manifest injustice but a focus on the diligence of the moving party and that party's reasons for seeking modification are the court's focus in determining whether to permit an enlargement of time. *Stoddart v. Express Services*, 2017 WL 3333994 *1-*2 (E.D. Ca. August 4, 2017) (other citations omitted). "The District court possesses broad discretion to manage its own docket, which includes inherent power to control disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

**III.     ANALYSIS**

The Court does not find good cause to hold this case in abeyance for over eight months. Plaintiff was given an opportunity to respond to the Court's screening order by either filing an amended complaint or filing a notice that he intends to stand on his complaint more than four

months ago, on April 11, 2024.  (ECF No. 15).  However, Plaintiff failed to do so.  Moreover, according to the medical report attached to Plaintiff's motion, his hand was injured on or about June 26, 2024, which was after Plaintiff's extended deadline to respond had already passed.  Thus, Plaintiff's failure to prosecute the case or comply with court orders was not due to a hand injury.  Additionally, the requested continuance to April 17, 2025, more than eight months from now, is not a reasonable request.  Rather, it indicates that Plaintiff has chosen not to prosecute this case at this time.

That said, the current recommendation of dismissal for failure to prosecute is without prejudice to Plaintiff filing his claim at a later time.  Thus, if the recommendations are accepted by the District Judge, Plaintiff would still be able to file a complaint in a separate case after he is released.[1]

**IV.    ORDER**

Accordingly, the Court **DENIES** Plaintiff's Motion for Continuance. (ECF No. 19).

IT IS SO ORDERED.

Dated:   **August 14, 2024**                          /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is not taking a position on the effect that any delay would have on the applicable statute of limitations.